Victor Monterrosa Jr., Esq.
ID: 134062016
Norrinda Brown Hayat, Esq.
Lea Dyce, Student Attorney
Gianna Sanguinetti, Student Attorney
Rutgers Law School Civil Justice Clinic
123 Washington Street
Newark, NJ 07102
(973) 353 – 5576
(973) 353 – 3397 (fax)
norrinda.hayat@rutgers.edu
vic.monte@rutgers.edu
lea.dyce@rutgers.edu
gianna.sanguinetti@rutgers.edu

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHONDAYA K. HUBERT,<br><br>Plaintiff,<br><br>v.<br><br>NEWARK HOUSING AUTHORITY, VICTOR CIRILO, Executive Director of Newark Housing Authority, KAREEN GENUS, in her official capacity,<br><br>Defendants. | Civil Action No.<br><br>Hon. _____<br><br>**VERIFIED COMPLAINT<br>AND DEMAND FOR JURY TRIAL** |

Plaintiff, Shondaya K. Hubert, by and through her attorneys, allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1367 as it raises claims under a federal statute and related state claims, and by 28 U.S.C. § 1367.

1

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because some of all of Defendants are located in this judicial district and because the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

3. Plaintiff, Shondaya K. Hubert ("Ms. Hubert"), is a tenant of public housing owned and managed by Defendant, Newark Housing Authority ("NHA"). Ms. Hubert currently resides at NHA's Betty Shabazz, where she has lived for over twenty-five years.

4. Defendant NHA is a public housing authority with its principal place of business located at 500 Broad Street, Newark, New Jersey 07102.

5. Defendant NHA is a public housing agency within the meaning of 42 U.S.C. § 1437(d).

6. Defendant NHA manages public housing units and a Section 8 Housing Choice Voucher Program in Newark, New Jersey, pursuant to the provisions of USHA and the regulations promulgated in accordance therewith by the U.S. Department of Housing and Urban Development ("HUD").

7. Defendant, Victor Cirilo ("Mr. Cirilo"), is the Executive Director of NHA.

8. Defendant, Kareen Genus ("Ms. Genus"), is the property manager of Betty Shabazz. At all times relevant to this Complaint, Ms. Genus was an employee and agent of NHA working in Newark, New Jersey.

## FACTUAL ALLEGATIONS

9. Ms. Hubert is a resident of Newark, New Jersey. She has two sons, age eleven and five. At all times relevant to this Complaint, was a single mother. Ms. Hubert is a Black woman, a public housing tenant, and a victim of domestic violence and stalking at the hands of John Doe ("Mr.

Doe"), her ex-intimate partner. She has lived in this home for over twenty-five years – since she was two years old.

10. About ten years ago, Ms. Hubert was briefly romantically involved with Mr. Doe. Ms. Hubert and Mr. Doe do not have any children together and have never cohabitated.

11. Despite their relationship ending, Mr. Doe has forced his way into her life. He repeatedly showed up at her home without invitation or notice.

12. On several occasions, Mr. Doe was verbally abusive towards Ms. Hubert. Her minor children have witnessed this abuse.

13. Mr. Doe has physically assaulted both Ms. Hubert's current boyfriend and her best friend.

14. In or around late Winter 2019, Ms. Hubert asked Mr. Doe to leave her home and not return. Mr. Doe refused and verbally abused her.

15. Ms. Hubert never called the police due to her fear of retaliation from Mr. Doe and those he associates with.

16. On July 7, 2020, Ms. Hubert was at her home with five-year-old son and her boyfriend when Mr. Doe showed up with several others, unannounced. Ms. Hubert did not invite them, nor did she know they were coming. Given Mr. Doe's history of verbal abuse, physical violence, and intimidation towards Ms. Hubert and her loved ones, she felt she had no choice but to let him inside her home.

17. Unbeknownst to Ms. Hubert, Mr. Doe was the subject of surveillance by law enforcement. About two hours after Mr. Doe's arrival, Ms. Hubert went to take a shower and placed her son in her room to watch TV. While Ms. Hubert was in the shower, law enforcement

raided her home. Mr. Doe and one other individual were arrested for various gun and drug related charges. Neither Ms. Hubert nor her boyfriend were arrested or taken into custody.

18. As of the time of this Complaint, Mr. Doe remains in jail. Mr. Doe continues to contact and intimidate Ms. Hubert.

19. Ms. Hubert did not control, direct, encourage, invite, or permit Mr. Doe's conduct.

20. Mr. Doe was not a guest.

21. Mr. Doe was not under Ms. Hubert's control.

22. Mr. Doe was at Ms. Hubert's home on July 7, 2020, solely because she is an abuse and stalking victim. Mr. Doe forced his way into Ms. Hubert's home that day. Her reasonable fear prevented her from stopping him.

23. One month later, in August 2020, Defendant NHA served Ms. Hubert with a Notice to Quit & Demand for Possession ("Notice to Quit") dated August 12, 2020, requiring that she vacate the premises by August 16, 2020. The Notice to Quit stated that Defendant NHA was terminating Ms. Hubert's lease due to violations of her lease, state law, and federal law. The summary action is currently pending in the Superior Court of New Jersey – Special Civil Part.

24. The Notice to Quit was not accompanied by a "Notice of Occupancy Rights" or "Certification of Domestic Violence" as required by the Violence Against Women Act ("VAWA"). 24 C.F.R. § 5.2005.

25. Defendant NHA continues to blame Ms. Hubert for Mr. Doe's conduct and refuses to protect her.

26. In the ongoing summary action proceeding, Ms. Hubert and her counsel have repeatedly raised her status as a domestic violence victim and asserted her rights under VAWA.

27. Ms. Hubert's counsel asked Defendant NHA to transfer her, which they refused to even entertain.

28. Defendant NHA has refused and continues to refuse to investigate Ms. Hubert's VAWA defense.

29. Defendant NHA's counsel told Ms. Hubert's counsel that if Ms. Hubert was "Mr. Hubert," VAWA wouldn't be a defense.

30. On a separate occasion, Defendant NHA's counsel told Ms. Hubert's counsel that Ms. Hubert wasn't entitled to a transfer because she needed to specifically ask for one. This is despite the fact that Ms. Hubert's counsel asked for a transfer.

31. Defendant NHA's counsel told Ms. Hubert's counsel that if Mr. Doe was really that dangerous for her, she should have reported it to police.

32. In the course of the summary action proceeding, Defendant NHA stated that "despite the seriousness of the claims [Ms. Hubert] makes in her certification, it is curious that [she] makes no mention of contacting authorities as a result of [Mr. Doe's] repeated trespass or other criminal actions. Refusal to contact the authorities, suggests participation, whether passive or active, in the criminal scheme." Def. NHA's SurReply at 5.

33. Defendant NHA also claimed that Ms. Hubert "fails to establish any relationship, real, implied or alleged, between the criminal activity and the aforementioned categories of violence. Indeed, it is unlikely [Ms. Hubert] would be able to produce cogent evidence of such activity without producing a record of having reached out to the authorities for assistance." NHA's SurReply at 7.

**FACTS SPECIFIC TO DEFENDANT MS. GENUS**

5

34. Defendant Ms. Genus is the property Manager of Betty Shabazz and an employee of Defendant NHA.

35. In or around March 2020, Ms. Hubert tried to get Mr. Doe banned from her home. Ms. Hubert tried to speak with Defendant Ms. Genus, in person, but was unable to do so because the office was closed due to Covid. Ms. Hubert preferred to speak with Defendant Ms. Genus in person because she was terrified of what Mr. Doe would do if he found out.

36. When Ms. Hubert was finally able to visit the office in person, she spoke to Defendant Ms. Genus about her fear of Mr. Doe and her desire to have him barred from the property. Ms. Hubert also let Defendant Ms. Genus know she had been trying to reach her since about March 2020 to discuss this with her. Defendant Ms. Genus failed to do anything to assist Ms. Hubert and did not inform Ms. Hubert of her rights under VAWA.

37. At the time the Notice to Quit was served, Ms. Hubert's portion of the rent was effectively $0 due to her lack of employment. When Ms. Hubert became employed again, she attempted to recertify, but was denied her right to do so by Ms. Genus.

## **VAWA**

38. As a public housing agency, Defendant NHA must adhere to the applicable provisions of United States Housing Act ("USHA"), 42 U.S.C. § 1437(d), and the regulations promulgated by the U.S. Department of Housing and Urban Development ("HUD"). See C.F.R. Parts 5, 960, 966 and 982.

39. Upon information and belief, Defendant NHA's domestic violence policy was in effect at the times relevant to this action.

40. VAWA was originally enacted in 1994 and prohibits "evict[ion] from the housing on the basis or as a direct result of the fact that the applicant or tenant is or has been a victim of domestic

violence, dating violence, sexual assault, or stalking, if the applicant or tenant otherwise qualifies for admission, assistance, participation, or occupancy." 24 C.F.R. § 5.2005.

41. VAWA prohibits public housing agencies, such as Defendant NHA, from "denying assistance or admission, terminating participation in, or evicting a tenant based on an adverse factor, if the adverse factor is determined to be a direct result of the fact that the applicant is or has been a victim of domestic violence, dating violence, sexual assault, or stalking." "[T]he presence of an adverse factor may be due to an underlying experience of domestic violence, dating violence, sexual assault, or stalking." PIH-2017-08 §§ 7.1, 7.2.

42. VAWA requires all public housing agencies, such as Defendant NHA, to provide tenants with a "Notice of Occupancy Rights" and a "Certification of Domestic Violence" with any eviction notice. 24 C.F.R. § 5.2005. The "Notice of Occupancy Rights" explains a tenant's protections under VAWA, the right to confidentiality, and limitations to the protections.

43. Defendant NHA did not provide Ms. Hubert with a "Notice of Occupancy Rights" or a "Certification of Domestic Violence" with the notice to quit, as required by 24 C.F.R. § 5.2005(a).

44. VAWA additionally requires public housing agencies to evict a tenant "only when there are no other actions that could be taken to reduce or eliminate the threat, including, but not limited to, transferring the victim to a different unit, barring the perpetrator from the property, contacting law enforcement to increase police presence or develop other plans to keep the property safe, or seeking other legal remedies to prevent the perpetrator from acting on a threat." 24 C.F.R. § 5.2005.

45. Defendant NHA has not considered other options, in violation of 24 C.F.R. § 5.2005. Defendant NHA refuses to transfer Ms. Hubert and refuses to bar Mr. Doe from the property.

46. Under 24 C.F.R. § 5.2007, if a public housing tenant requests VAWA protections based on status as a victim of domestic violence, the public housing authority *may* request that the victim

provide written documentation to demonstrate that violence occurred. PIH-2017-08 § 8.2(a). If a public housing agency chooses to request such documentation, it *must* make the request in writing. PIH-2017-08 § 8.2(b).

47. A public housing agency, including Defendant NHA, is prohibited from requiring third-party documentation of the domestic violence or stalking. PIH-2017-08 § 8.2(b).

48. Defendant NHA refuses to consider that Ms. Hubert is entitled to VAWA protections.

49. Defendant NHA has not, in writing or otherwise, requested written documentation from Ms. Hubert to demonstrate violence occurred.

50. Defendant NHA stated that Ms. Hubert is unlikely to be able to produce evidence of a relationship between the criminal activity and the violence without a record of her reaching out to law enforcement for assistance. VAWA strictly prohibits Defendant NHA from requiring such a record.

## COUNT I:

**(Violation of the Fair Housing Act, 42 U.S.C. §§ 3604 (a), (b) – Against All Defendants)**

51. Ms. Hubert re-alleges and incorporates by reference as if fully rewritten herein paragraphs one (1) through fifty (50) of her Complaint.

52. Ms. Hubert, a woman, is a member of protected classes protected by the Fair Housing Act, 42 U.S.C. § 3604 (a) and (b), which prohibits discrimination based on sex in housing.

53. At all times relevant hereto, Defendant NHA was renting "dwellings" as defined by 42 U.S.C. § 3602 (b) and Defendant NHA was subject to the Fair Housing Act. 42 U.S.C. § 3601, *et seq*.

54. Defendant NHA and Defendant Mr. Cirilo, through their employees and agents, have engaged in a pattern and practice of intentional discrimination leading to the unlawful refusal to

8

rent to Ms. Hubert on the basis of her sex and her status as a domestic violence victim by engaging in the following actions:

    a. Making unavailable or denying a dwelling to any person because of sex, in violation of 42 U.S.C. § 3604 (a);

    b. Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604 (b);

    c. Defendant NHA is blaming Ms. Hubert for the acts of her abuser;

    d. Defendant NHA did not give Ms. Hubert the VAWA "Notice of Occupancy Rights" or a "Certification of Domestic Violence," in violation of 24 C.F.R. § 5.2005(a);

    e. Defendant Ms. Genus failed to protect Ms. Hubert or inform Ms. Hubert of her rights under VAWA;

    f. Defendant NHA refused multiple requests by Ms. Hubert for an emergency transfer;

    g. Defendant NHA's impliedly required that Ms. Hubert needs third-party documentation to prove she is a domestic violence victim, in violation of 24 C.F.R. § 5.2007;

    h. Defendant NHA is revictimizing Ms. Hubert.

55. As a direct result of Defendant NHA's conduct, Ms. Hubert has suffered damages in that she was wrongfully deprived of an emergency transfer and suffered emotional distress and other damages.

56. The discriminatory actions of the Defendants were intentional, willful, and taken in disregard for the rights of Ms. Hubert.

57. Ms. Hubert is an aggrieved person within the meaning of 42 U.S.C. § 3602(i).

## COUNT II:

**(Violation of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-12(g)(1), (2) – Against All Defendants)**

58. Ms. Hubert re-alleges and incorporates by reference as if fully rewritten herein paragraphs one (1) through fifty (50) of her Complaint.

59. NHA and Mr. Cirilo, through their employees and agents, have engaged in a pattern and practice of intentional discrimination leading to the unlawful refusal to rent to Ms. Hubert by engaging in the following actions:

   a. The foregoing facts and circumstances also demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12(g)(1), by refusing to rent to Ms. Hubert, indicating discrimination on the basis of sex.

   b. The foregoing facts and circumstances also demonstrate that Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12(g)(2), by discriminating against Ms. Hubert because of her status as a domestic violence victim, indicating discrimination on the basis of sex.

60. As a direct result of Defendant NHA's conduct, Ms. Hubert has suffered damages in that she was wrongfully deprived of an emergency transfer and suffered emotional distress and other damages.

61. The discriminatory actions of Defendants were intentional, willful, and taken in disregard for the rights of Ms. Hubert.

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays that the Court enter an order that:**

1. Declares that the discriminatory housing practices of the Defendants as set forth above violate the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*;

2. Issue a temporary restraining order and a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, employees, successors, and all other persons in active concert or participation with them to refrain immediately and pending the final hearing and determination of this action from moving to evict Plaintiff on grounds that form the basis of protections under VAWA, pursuant to 24 C.F.R. § 5.2005;

3. Immediately enjoins Defendants to engage in the analysis into the status of Plaintiff's protected status under VAWA, pursuant to 24 C.F.R. § 5.2005;

4. Immediately and permanently enjoins Defendants, their agents, employees, successors, and all other persons in active concert or participation with them to follow the policies and procedures set forth in the emergency transfer plan, pursuant to 24 C.F.R. § 5.2005;

5. Immediately and permanently enjoins Defendants, their agents, employees, successors, and all other persons in active concert or participation with them from discriminating on the basis of sex against any person in any aspect of the rental of a dwelling;

6. Awards such damages as would fully compensate Plaintiff for injuries caused by the Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3613(c)(1), in an amount to be determined at trial;

7. Awards attorneys' fees, pursuant to 42 U.S.C. § 3613(c)(2);

8. Plaintiff further prays for such additional relief as the interests of justice may require.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully Submitted:

*Victor Monterrosa, JR.*

Victor Monterrosa Jr., Esq.
Norrinda Brown Hayat, Esq.
Lea Dyce, Student Attorney
Gianna Sanguinetti, Student Attorney
Rutgers Law School Civil Justice Clinic
123 Washington Street
Newark, NJ 07102
(973) 353 – 5576
(973) 353 – 3397 (fax)
norrinda.hayat@rutgers.edu
vic.monte@rutgers.edu
lea.dyce@rutgers.edu
gianna.sanguinetti@rutgers.edu

Attorneys for Plaintiff

Dated: January 28, 2022

12

## **DECLARATION OF PLAINTIFF**

I, Shondaya Hubert, declare under penalty of perjury that the statements in the above Verified Complaint are true and correct of my personal knowledge and/or belief.

Executed on January 28, 2022.

*Shondaya Hubert (Jan 28, 2022 17:57 EST)*

Shondaya Hubert

Jan 28, 2022